JAMES ANTON, Appellant, *v.* MIKE PAPPAS and PETER PAPPAS, Respondents.

First Department, July 3, 1942.

*Murray Sprung* of counsel [*Arthur M. Laufer* with him on the brief], for the appellant.

*Joseph H. Wasserman*, for the respondents.

DORE, J.   All the agreements were oral; the partnerships were conducted on a most informal basis. The contentions of the

parties with respect to the terms of the agreements involved were in some aspects conflicting. A large part of the record relates to the partnership in the Ninth street restaurant. The testimony was adduced without objection, and the court found that the parties agreed to transfer the business from Ninth street, Manhattan, to the Bronx. It is fair to infer, as the trial court did, that any accounting due from plaintiff or to plaintiff or to or from defendant Peter Pappas on the Ninth street partnership was to be carried over into the Bronx partnership where the three men were found to be partners from 1937 to the date of the trial. The interlocutory decree properly directed an accounting of the business of the Ninth street restaurant as well as the Bronx restaurant.

The trial court entered an interlocutory judgment accordingly on April 2, 1941, directing that the parties account to each other and that each file a verified account within twenty days, and thereafter objections could be filed within ten days, and if they did not adjust their differences within ten days after the filing of accounts or objections, the court would appoint a referee. The trial court properly found that the basic wage to be allotted to defendants was twenty-five dollars a week. Plaintiff filed no account and no formal objections to the account as filed by defendants.

In that state of the record we think the finding of the trial court should not be disturbed and that the judgments appealed from should be affirmed, with costs.

GLENNON and UNTERMYER, JJ., concur; MARTIN, P. J., and TOWNLEY, J., dissent.

TOWNLEY, J. (dissenting). The complaint demanded dissolution and accounting of a partnership. It was alleged therein that plaintiff and the two defendants conducted the Crystal Restaurant at 282 Willis avenue in the Bronx. From the record it appears that the parties became partners in that business, each to contribute one-third of the cost of equipping the premises for opening, with a credit to plaintiff and defendant Peter Pappas of the value of the fixtures removed from their former venture. The interlocutory decree directed an accounting of the business of the Crystal restaurant and also of a restaurant formerly conducted by plaintiff and the defendant Peter Pappas at 201 East Ninth street. The final judgment appealed from represents a balance in favor of the defendants which was computed by including as a charge against the plaintiff an indebtedness remaining from the operation of the Ninth street restaurant. The partners in the Ninth street restaurant were not the same as those operating the Crystal restaurant and no demand for an accounting of the affairs of the Ninth street restaurant was demanded in the pleadings before the court.

The interlocutory judgment should be modified by eliminating therefrom any reference to the Ninth street venture, the final judgment and the judgment entered December 11, 1941, should be reversed, with costs to the appellant, and the account referred to an official referee.

MARTIN, P. J., concurs.

Judgments affirmed, with costs.